UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ASHLEY BAILEM** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | CIVIL ACTION NO: |
| **ACCESS2CARE, A DIVISION OF GLOBAL MEDICAL RESPONSE, INC.** | § § § § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff Ashley Bailem ("Bailem" or "Plaintiff") presents this her Original Complaint against Defendants, Access2Care, A Division of Global Medical Response, Inc. ("Defendants") and for causes of action would show the Court as follows:

**I.**

**INTRODUCTION**

1.1    Plaintiff brings this action for sex discrimination and retaliation under Title VII and Chapter 21 of the Texas Labor Code.

**II.**

**PARTIES**

2.1    Plaintiff is an African American, female citizen and resident of the State of Texas and resides at 6303 W Shady Shores Rd Apt. 628, Denton, TX 76208. Plaintiff may also be reached through her undersigned counsel.

2.2    Defendant Access2Care is a private ambulance, healthcare and safety provider and operates at 4400 Route 121, Suite 700, Lewisville, TX 75056.  Defendant may be served through its

Registered Agent for service,

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620, Austin TX 78701.

2.3     Global Medical Response, Inc. is the parent of Access2Care and may be served through the same registered agent for service.

### III.

### JURISDICTION AND VENUE

3.1     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, pendant and supplemental jurisdiction of the common law claims.

3.2     Venue for all causes of actions stated herein lies in the Eastern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.  This Court also has pendent jurisdiction over state law claims.

3.3     Plaintiff timely filed her Charge of Discrimination before the EEOC and Texas Workforce Commission on September 7, 2022. On March 1, 2023, the Texas Workforce Commission pursuant to Workshare Agreement with the EEOC issued a Notice of Right to Sue. The instant complaint is being filed within 90 days of Plaintiff's receipt thereof and subsequent delivery to her legal counsel.

### IV.

### FACTUAL ALLEGATIONS

4.1     Plaintiff was hired by Defendant Access2Care on March 23, 2022, as a Navigator Nurse. Plaintiff was terminated on August 29, 2022.

4.2     On or about, April 2022, Plaintiff notified her manager, Nathan Booth ("Booth")

that she was pregnant and requested reasonable accommodation for her pregnancy on April 26, 2022. The meeting did not go well, and Mr. Booth made Plaintiff feel very uncomfortable about requesting accommodation for her pregnancy.

4.3    On May 12, 2022, Plaintiff e-mailed Nikki Williams in Human Resources regarding her interaction with Mr. Booth.

4.4    Plaintiff took a mandatory personal leave of absence in anticipation of the birth of her child.

4.5    On June 28, 2022, Plaintiff received a call from Mr. Booth telling her that her leave had been denied and that she was terminated. This indicated a clear bias against Plaintiff due to her pregnancy.

4.6    Plaintiff was subsequently contacted by Defendant's Human Resources manager, Aleisha Mollen ("Mollen") who told Plaintiff that she could remain on leave until she was released by her physician.

4.7    Plaintiff relied on Ms. Mollen's assurances and remained out on leave following the birth of her baby.

4.8    Upon her return, Plaintiff was directed to undergo retraining for her position. Plaintiff fully intended to cooperate with Defendant's instructions but had to take additional absences due to her condition post pregnancy.

4.9    Plaintiff was summarily terminated on August 29, 2022. Prior to her termination, Plaintiff had a perfect work record and had never been disciplined or counseled about her job performance.

V.

# FIRST COUNT

## SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) ET SEQ. AND CHAPTER 21 OF THE TEXAS LABOR CODE

5.1     The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.2     Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely females.

5.3     Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII because they both employ more than fifteen employees.

5.4     Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor Code.

5.5     Defendant intentionally discriminated against Plaintiff because of her gender and specifically because of her pregnancy in violation of Title VII and Chapter 21 of the Texas Labor Code by terminating her employment.

5.6     Following Plaintiff's reports of sexual harassment, she was adversely treated and ultimately terminated, Defendant issued a report that acknowledged that there was evidence to support Plaintiff's allegations of harassment, discrimination, and retaliation.

5.7     Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission and has timely filed suit against Defendant within 90 days of her receipt of the Notice of right to Sue.

5.8     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

        a.     Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

   b. Plaintiff suffered lost wages and related benefits.

 5.10 Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

 5.11 Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex.  Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

 5.12 Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages.  Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

 5.13 Defendant also retaliated against the plaintiff for her protective activities and is therefore liable for the same damages outlined in Paragraph 24.

## VI.

## SECOND COUNT

## ATTORNEY'S FEES

 6.1 Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

 6.2 The preparation and filing of this Complaint has necessitated the hiring of attorneys. Plaintiff seeks to recover reasonable and necessary attorneys' fees.

## VII.

## <u>JURY TRIAL DEMANDED</u>

7.1	Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1)	Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)	Judgment for back pay and front pay as allowed by law;

(3)	Damages for past and future mental anguish, emotional distress, and physical distress;

(4)	Exemplary damages in an amount to be determined by the trier of fact;

(5)	Prejudgment and Post-judgment at the maximum legal rate;

(6)	All costs of court;

(7)	Attorneys' fees; and

(8)	Such other and further relief to which Plaintiff may be justly entitled.

Dated: March 30, 2023.	Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By:*/s/ Nicholas A. O'Kelly*
Nicholas A. O'Kelly
State Bar No. 15241235
3141 Hood St. Ste 500
Dallas, Texas 75219
Telephone: (214) 379-0827
Facsimile: (214) 379-0848

**ATTORNEYS FOR PLAINTIFF
ASHLEY BAILEM**